IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN PORRAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, AND DAVID | § | |
| FRANK BACKER, | § | |
| | | |
| Defendants. | | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Vehicle and Property Insurance Company (Allstate V&P) files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows the following:

**I.
FACTUAL BACKGROUND**

1.1     On or about October 8, 2015, Plaintiff filed Plaintiff's Original Petition in the matter styled *Juan Porras v. Allstate Texas Lloyd's and David Frank Backer,* Cause No. DC-15-12384, pending in the 162nd Judicial District Court of Dallas County, Texas.

1.2     CT Corporation System, which is Allstate Texas Lloyd's registered agent, received service of Plaintiff's Original Petition and process on October 19, 2016, by certified mail. In response, Allstate Texas Lloyd's filed a Verified Denial on November 9, 2015, which

specifically stated that Allstate Texas Lloyd's was not a proper party to the suit. Nowhere in Plaintiff's Original Petition did he allege any causes of action against the proper defendant—Allstate V&P.

1.3   Upon information and belief, David Frank Backer (Backer) has not been served.

1.4   On January 5, 2016, Allstate Texas Lloyd's responded to Plaintiff's request for disclosure. Again, Allstate Texas Lloyds acknowledged that it was not a proper party to the suit and unequivocally stated that Allstate V&P was the proper defendant.

1.5   On or about March 1, 2016, Plaintiff filed his First Amended Petition. The case caption of that pleading identifies only Allstate Texas Lloyds and David Frank Backer as Defendants. But the causes of action alleged in Plaintiff's First Amended Petition are directed only to Backer and Allstate V&P. The First Amended Petition contains no allegations against Allstate Texas Lloyds. In fact, in paragraphs 10 and 11 of the First Amended Petition, Plaintiff admits that Allstate Vehicle and Property Insurance Company issued the insurance contract that is at issue in this case—not Allstate Texas Lloyds.

1.6   On March 10, 2016, CT Corporation received service of the First Amended Petition for Allstate Vehicle and Property Insurance Company. As a result, Allstate Vehicle and Property Insurance Company filed its Original Answer to Plaintiff's First Amended Petition on March 30, 2016.

1.7   Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court.

1.8     Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-16" as identified on the Index of Documents.

1.9     Attached as Exhibit "C" is a Defendant Allstate Texas Lloyd's Consent to Removal.

1.10    Attached as Exhibit "D" is the USPS Tracking information, which reflects that Defendant David Frank Backer was not served.

## II.
## BASIS FOR REMOVAL

2.1     Allstate V&P files this notice of removal within 30 days of receiving Plaintiff's Amended Petition, which was the first time that Allstate V&P was named as a defendant. *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.      The proper parties are of diverse citizenship and the Court should disregard the citizenship of defendant David Frank Backer because he has been improperly joined in this lawsuit.**

2.3     Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Tarrant County in the State of Texas and thus, is a citizen of Texas. *See* Plaintiff's First Amended Petition attached hereto as Exhibit B-13.

2.4     Defendant Allstate V&P is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

2.5     Although Defendant David Frank Backer is not a proper party to this lawsuit, upon information and belief, he is and was at the time the lawsuit was filed, a citizen of the State of Texas. *See* Plaintiff's First Amended Petition attached hereto as Exhibit B-13. With respect to the claims against Backer, it is Allstate V&P's position that he has been fraudulently joined in this action. Therefore, the Texas citizenship of Backer should be disregarded for the purposes of evaluating diversity in this matter.

### B.     Allstate Texas Lloyd's is diverse and has been improperly joined in this lawsuit

2.6     On October 8, 2015, Plaintiff filed this case in state court, naming Allstate Texas Lloyds and David Frank Backer as the only Defendants. *See* Plaintiff's Original Petition attached hereto as Exhibit B-1.

2.7     On March 1, 2016, Plaintiff filed his First Amended Petition. With that pleading, Plaintiff added Allstate Vehicle and Property Insurance Company as a Defendant in this case. *See* Plaintiff's First Amended Petition attached hereto as Exhibit B-13.

2.8     CT Corporation received service of the First Amended Petition for Allstate Vehicle and Property Insurance Company on or about March 10, 2016.

2.9     Plaintiff's lawsuit concerns the alleged damage to his property, which is located at 7105 Melton Dr., Dallas, Texas (Property). As is clear from the four-corners of the First Amended Petition, Plaintiff seeks to recover payment for the alleged damage based upon the existence of a contract (*i.e.*, a policy of insurance that was issued for said Property).

2.10    In paragraph 10 of the First Amended Petition, Plaintiff admits that Allstate V&P issued the subject policy. Further, paragraph 11 alleges that said policy insured the Property. But the First Amended Petition does not allege that Allstate Texas Lloyds had any involvement in the following: 1) issuing the subject policy; 2) insuring the Property; 3) causing the alleged

damage; or 4) adjusting the subject insurance claim. *See* Plaintiff's First Amended Petition attached hereto as Exhibit B-13.

2.11 Plaintiff's First Amended Petition asserts causes of action for breach of contract, unfair settlement practices, noncompliance with the Prompt Payment of Claims Statute, and breach of the duty of good faith and fair dealing. Each cause of action concerns the policy that insured the Property and/or the claim handling that occurred to address the alleged property damage. But none of these allegations are directed to Allstate Texas Lloyd's.

2.12 Further, Plaintiff is unable to demonstrate that Allstate Texas Lloyds insured the Property or had any contractual or other relationship with Plaintiff that is at issue in this case. Thus, Plaintiff has improperly joined Allstate Texas Lloyd's as a Defendant in this case.

2.13 Still, Allstate Texas Lloyd's is not a citizen of the State of Texas. Specifically, on the date of this Notice, Allstate Texas Lloyd's was and remains an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2] The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows: 1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos - Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske –

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).
[2] "Fifth Circuit jurisprudence is equally clear." *See Massey,* 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney - Illinois. Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey. Allstate Texas Lloyd's is not a citizen of the State of Texas.

2.14 Although Allstate Texas Lloyds is an improper party to this case, in an abundance of caution, it has consented to Allstate V&P's removal as 28 U.S.C. §1446(b)(2)(A) requires. *See* Allstate's Consent to Removal attached hereto as Exhibit C.

### C. David Frank Backer has been improperly joined in this lawsuit

2.15 The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

2.16 The Fifth Circuit has explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).[3] Under the second method, the test is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant." *Cuevas*, 648 F.3d. at 249 (quoting *Smallwood*, 385 F.3d. at 573) (emphasis added). The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Smallwood*, 385 F.3d at 573 ("To reduce possible confusion, we adopt

---

[3] Only the latter ground is at issue here.

this phrasing of the required proof *and reject all others*, whether the other appear to describe the same standard or not.") (emphasis added).

2.17 In order to determine whether a plaintiff has a reasonable basis of recovery against the non-diverse defendant, the court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[4] *Smallwood*, 385 F.3d at 573. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in improper or fraudulent joinder of that party. *Waters v. Metropolitan Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.18 Here, Plaintiff asserts generic claims against Backer for violations of the Texas Insurance Code. Based on Plaintiff's pleadings, there is no basis for predicting that Plaintiff might be able to establish liability against Backer because Plaintiff has failed to set forth real facts relating to Backer's conduct. Rather, Plaintiff's claims against Backer consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.

2.19 Plaintiff's conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply.[5] So Plaintiff's First Amended Petition does nothing more than insert Backer's name into the statutory language of Chapter 541 of the Insurance Code.

---

[4] Alternatively, the district court may "pierce the pleadings and conduct a summary inquiry," which is a very limited method. *See Smallwood*, 385 F.3d. at 573.

[5] Compare ¶36–40 of Plaintiff's Amended Petition with TEX. INS. CODE. ANN §§ 541.060 (a)(1), (2)(A), (3), (4)(A)-(B), and (7). The latter reads:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
> (A) a claim with respect to which the insurer's liability has become reasonably clear;
> ****

2.20 Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiff's failure to mention any actionable facts related to the conduct of the adjuster Defendant Backer constitutes a failure to state a claim and improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-cv-01728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co*., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent). Based upon the

---

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
(4) failing within a reasonable time to:
(A) affirm or deny coverage of a claim to a policyholder; or
(B) submit a reservation of rights to a policyholder;
****
(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

foregoing, adjuster Defendant Backer has been improperly joined in this action to defeat diversity jurisdiction.

2.21    Further, the fact that Plaintiff has failed to serve Backer is evidence of improper joinder. *See* USPS Tracking attached hereto as Exhibit D; Citation Issued for David Frank Backer attached hereto as Exhibit B-5. Courts have characterized the "failure of the plaintiff to cause service of process to be accomplished on the defendant whose presence is a potential impediment to removal to federal court," as a *badge of improper joinder*. *See Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A, at *17 (N.D. Tex. Sept. 25, 2014) (citing *Griggs v. State Farm Lloyds*, 181 F.3d at 669; *Dougherty v. State Farm Lloyds*, 2001 WL 234352, at *5 (N.D. Tex. Aug. 30, 2001)).

    **D.**    **THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.22    As alleged in his First Amended Petition, Plaintiff seeks monetary relief between $200,000 and $1,000,000. Therefore, the amount in controversy exceeds the jurisdictional requirements for removal. *See* Plaintiff's First Amended Petition attached hereto as Exhibit B-13.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Allstate V&P received this lawsuit on March 10, 2016. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendants file this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Tarrant County District Court, promptly after Defendants file this Notice.

3.6     Although unnecessary for the reasons stated above, Allstate Texas Lloyds has consented to this removal in an abundance of caution.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Vehicle and Property Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ John B. Reyna*
John B. Reyna
State Bar No.  24098318
jreyna@thompsoncoe.com
Roger D. Higgins
State Bar No.  09601500, IL 6182756
rhiggins@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     (214) 871-8200
Fax:                (214) 871-8209

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on April 7, 2016, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

>Matthew J. Worrall
>William H. Barfield
>Andrew A. Woellner
>THE POTTS LAW FIRM, LLP
>100 Waugh Drive, Suite 350
>Houston, Texas 77007
>Telephone (713) 963-8881
>Facsimile (713) 574-2938
>mworrall@potts-law.com
>wbarfield@potts-law.com
>awoellner@potts-law.com

> /s/ *John B. Reyna*
>John B. Reyna