## DC-15-12384 - JUAN PORRAS vs. ALLSTATE TEXAS LLOYDS et al

Case Number: DC-15-12384
File Date: 10/08/2015
Case Status: OPEN

Court: 162nd District Court
Case Type: INSURANCE

PLAINTIFF : PORRAS, JUAN
Address:
  c/o 100 Waugh Drive, Suite 350
  Houston TX 77007

Active Attorneys
  Lead Attorney:
    **WORRALL, MATTHEW**
    Retained
    Work Phone: 713-963-8881
    Fax Phone: 713-574-2938

DEFENDANT : ALLSTATE TEXAS LLOYDS
Address:
  BY SERVING ITS REGISTERED AGENT CT
  CORPORATION SYSTEM
  1999 BRYAN STREET, SUITE 900
  DALLAS TX 75201-3136

Active Attorneys
  Lead Attorney:
    **HIGGINS, ROGER D**
    Retained
    Work Phone: 214-871-8200
    Fax Phone: 214-871-8209

DEFENDANT : BACKER, DAVID FRANK
Address:
  6717 PARKSIDE COURT
  ARLINGTON TX 76016

DEFENDANT : ALLSTATE VEHICLE
Address:
  BY SERVING ITS REGISTERED AGENT CT
  CORPORATION SYSTEM
  1999 BRYAN STREET SUITE 900
  DALLAS TX 75201-3136

Active Attorneys
  Lead Attorney:
    **REYNA, JOHN B**
    Retained
    Work Phone: 214-871-8218
    Fax Phone: 214-871-8209

10/08/2015 NEW CASE FILED (OCA) - CIVIL
10/08/2015 ORIGINAL PETITION
    15.10.07 Original Petition.pdf
    Civil Case Information Sheet.pdf
10/08/2015 ISSUE CITATION
    ISSUE CITATION
    ISSUE CITATION
10/08/2015 JURY DEMAND
    JURY DEMAND
10/14/2015 CITATION
    Anticipated Server: CERTIFIED MAIL         Anticipated Method:
    Actual Server: CERTIFIED MAIL               Returned: 10/21/2015
    Comment: CMR #9214-8901-0661-5400-0070-2504-17


EXHIBIT
B

10/14/2015 CITATION
   Anticipated Server: CERTIFIED MAIL            Anticipated Method:
   Actual Server: CERTIFIED MAIL                Returned: 12/08/2015
   Comment: CMR #9214-8901-0661-5400-0070-2512-78

11/09/2015 ORIGINAL ANSWER - GENERAL DENIAL
   Answer.pdf

12/07/2015 RULE 11
   Porras, Juan v Allstate - Rule 11.pdf

12/14/2015 SCHEDULING ORDER
   SCHEDULING ORDER

12/30/2015 RULE 11
   Rule 11 to extend discovery deadline.pdf
   Comment: EXTEND DISCOVERY

03/01/2016 AMENDED PETITION
   2016.03.01 First Amended Petition - Porras.pdf
   Comment: FIRST

03/01/2016 ISSUE CITATION
   ISSUE CITATION

03/07/2016 CITATION
   Anticipated Server: CERTIFIED MAIL            Anticipated Method:
   Actual Server: CERTIFIED MAIL                Returned: 03/14/2016
   Comment: FIRST AMENDED/ CERT MAIL/DC

03/30/2016 ORIGINAL ANSWER - GENERAL DENIAL
   Allstate Vehicle & Property's Original Answer.pdf

10/17/2016 Jury Trial - Civil
   Judicial Officer: BROWN, PHYLLIS LISTER
   Hearing Time: 9:00 AM

---

**PORRAS, JUAN**

| | | |
|---|---|---|
| Total Financial Assessment | | $666.00 |
| Total Payments and Credits | | $666.00 |

| Date | Transaction | Receipt | Payer | Amount |
|---|---|---|---|---|
| 10/9/2015 | Transaction Assessment | | | $555.00 |
| 10/9/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 60324-2015-DCLK | Porras, Juan | ($555.00) |
| 3/4/2016 | Transaction Assessment | | | $111.00 |
| 3/4/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 13839-2016-DCLK | PORRAS, JUAN | ($111.00) |

‹                                                                           ›

---

15.10.07 Original Petition.pdf
Civil Case Information Sheet.pdf
JURY DEMAND
ISSUE CITATION
ISSUE CITATION
ALLSTATE TEXAS LLOYDS - CITATION
Answer.pdf
Porras, Juan v Allstate - Rule 11.pdf
BACKER, DAVID FRANK - CITATION
SCHEDULING ORDER
Rule 11 to extend discovery deadline.pdf
2016.03.01 First Amended Petition - Porras.pdf
ISSUE CITATION
ALLSTATE VEHICLE - CITATION
Allstate Vehicle & Property's Original Answer.pdf

FILED
DALLAS COUNTY
10/8/2015 4:35:15 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

2 CT-CERT-MAIL

DC-15-12384

Cause No. _____

| | | |
|---|---|---|
| JUAN PORRAS | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYDS AND DAVID | § | |
| FRANK BACKER | § | I-162ND |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Juan Porras, Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Allstate Texas Lloyds ("Allstate") and David Frank Backer ("Backer") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.      Plaintiff, Juan Porras, is an individual residing in and/or owning property in Dallas County, Texas.

2.      Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, by certified mail, return receipt requested.

3.      Defendant, David Frank Backer, is an individual residing in and domiciled in the State of Texas.  This defendant may be served via certified mail, return receipt requested at 6717 Parkside Court, Arlington, Texas 76016.

1


EXHIBIT
B-1

## DISCOVERY LEVEL

4.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant, Backer, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.      Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

10.     Plaintiff owns the insured property located at 7105 Melton Dr., in Dallas County (hereinafter referred to as "the Property").  Allstate sold the Policy insuring the Property to Plaintiff.

2

11.     On or about June 17, 2015, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.  The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm.  Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant Allstate assigned Backer as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property.  The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection.  The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim.  As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and

3

Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §

4

541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.   Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Allstate's conduct constitutes a

5

violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims.  Allstate's entire process

is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31.    Each of the foregoing paragraphs is incorporated by reference in the following:

### I.    Causes of Action Against Backer

32.    Allstate assigned Backer to adjust this claim.   Backer was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Backer did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof.  Backer refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy.  The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A.    Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

33.    Defendant Backer's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.    Defendant Backer is individually liable for his unfair and deceptive acts, irrespective of the fact Backer was acting on behalf of Allstate, because Backer is a "person" as defined by TEX. INS. CODE § 541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty*

7

*Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Backer's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.     Defendant Backer's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

37.     Defendant Backer failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant Backer failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Backer did not communicate that any future settlements or payments would be

8

forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Backer's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Backer did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate. Defendant Backer's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II.     Causes of Action Against Allstate

40.     Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A.     Breach of Contract

41.     Allstate breached the contract of insurance it had with Plaintiff. Allstate breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

9

**B.**     **Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

42.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.     Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 5410.060(a)(1).

44.     Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

45.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

46.     Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

**C.     Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.     Breach of the Duty of Good Faith and Fair Dealing**

52.     Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.     Knowledge**

53.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

11

## DAMAGES

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled

12

to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

### JURY DEMAND

61.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

### DISCOVERY REQUESTS

62.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

### PRAYER

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:    */s/ Matthew J. Worrall*
       **Matthew J. Worrall**
       SBN: 24070883
       **William H. Barfield**
       SBN: 24031725
       **Andrew A. Woellner**
       SBN: 24060850
       100 Waugh Drive, Suite 350
       Houston, Texas 77007
       Telephone (713) 963-8881
       Facsimile (713) 574-2938
       Emails: mworrall@potts-law.com
               wbarfield@potts-law.com
               awoellner@potts-law.com

       **ATTORNEYS FOR PLAINTIFF**

14

## CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ | COURT *(FOR CLERK USE ONLY)*: _____ |
|---|---|

STYLED  Juan Porras v. Allstate Texas Lloyds and David Frank Backer
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name:<br>Matthew J. Worrall | Email:<br>mworrall@potts-law.com | Plaintiff(s)/Petitioner(s):<br>Juan Porras |
|---|---|---|

Names of parties in case:

Person or entity completing sheet is:
[X] Attorney for Plaintiff/Petitioner
[ ] *Pro Se* Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other: _____

Address:
100 Waugh Drive, Suite 350

Telephone:
713-963-8881

City/State/Zip:
Houston, Texas 77007

Fax:
713-574-2938

Defendant(s)/Respondent(s):
Allstate Texas Lloyds and

David Frank Backer

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

Signature:
*Matthew J Worrall* /map

State Bar No:
24070883

[Attach additional page as necessary to list all parties]

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|

#### Contract — *Debt/Contract*
[ ] Consumer/DTPA
[ ] Debt/Contract
[ ] Fraud/Misrepresentation
[ ] Other Debt/Contract:

*Foreclosure*
[ ] Home Equity—Expedited
[ ] Other Foreclosure
[ ] Franchise
[X] Insurance
[ ] Landlord/Tenant
[ ] Non-Competition
[ ] Partnership
[ ] Other Contract:

#### Injury or Damage
[ ] Assault/Battery
[ ] Construction
[ ] Defamation
*Malpractice*
[ ] Accounting
[ ] Legal
[ ] Medical
[ ] Other Professional Liability:

[ ] Motor Vehicle Accident
[ ] Premises
*Product Liability*
[ ] Asbestos/Silica
[ ] Other Product Liability List Product:

[ ] Other Injury or Damage:

#### Real Property
[ ] Eminent Domain/ Condemnation
[ ] Partition
[ ] Quiet Title
[ ] Trespass to Try Title
[ ] Other Property:

#### Related to Criminal Matters
[ ] Expunction
[ ] Judgment Nisi
[ ] Non-Disclosure
[ ] Seizure/Forfeiture
[ ] Writ of Habeas Corpus— Pre-indictment
[ ] Other:

#### Marriage Relationship
[ ] Annulment
[ ] Declare Marriage Void
*Divorce*
[ ] With Children
[ ] No Children

#### Other Family Law
[ ] Enforce Foreign Judgment
[ ] Habeas Corpus
[ ] Name Change
[ ] Protective Order
[ ] Removal of Disabilities of Minority
[ ] Other:

#### Post-judgment Actions (non-Title IV-D)
[ ] Enforcement
[ ] Modification—Custody
[ ] Modification—Other

#### Title IV-D
[ ] Enforcement/Modification
[ ] Paternity
[ ] Reciprocals (UIFSA)
[ ] Support Order

#### Parent-Child Relationship
[ ] Adoption/Adoption with Termination
[ ] Child Protection
[ ] Child Support
[ ] Custody or Visitation
[ ] Gestational Parenting
[ ] Grandparent Access
[ ] Parentage/Paternity
[ ] Termination of Parental Rights
[ ] Other Parent-Child:

#### Employment
[ ] Discrimination
[ ] Retaliation
[ ] Termination
[ ] Workers' Compensation
[ ] Other Employment:

#### Other Civil
[ ] Administrative Appeal
[ ] Antitrust/Unfair Competition
[ ] Code Violations
[ ] Foreign Judgment
[ ] Intellectual Property

[ ] Lawyer Discipline
[ ] Perpetuate Testimony
[ ] Securities/Stock
[ ] Tortious Interference
[ ] Other:

#### Tax
[ ] Tax Appraisal
[ ] Tax Delinquency
[ ] Other Tax

#### Probate & Mental Health
*Probate/Wills/Intestate Administration*
[ ] Dependent Administration
[ ] Independent Administration
[ ] Other Estate Proceedings

[ ] Guardianship—Adult
[ ] Guardianship—Minor
[ ] Mental Health
[ ] Other:

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

[ ] Appeal from Municipal or Justice Court
[ ] Arbitration-related
[ ] Attachment
[ ] Bill of Review
[ ] Certiorari
[ ] Class Action

[ ] Declaratory Judgment
[ ] Garnishment
[ ] Interpleader
[ ] License
[ ] Mandamus
[ ] Post-judgment

[ ] Prejudgment Remedy
[ ] Protective Order
[ ] Receiver
[ ] Sequestration
[ ] Temporary Restraining Order/Injunction
[ ] Turnover

### 4. Indicate damages sought *(do not select if it is a family law case)*:

[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, 000 but not more than $200,000
[X] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

Rev  2/13

EXHIBIT
B-2
tabbies



FILED
DALLAS COUNTY
10/8/2015 4:35:15 PM
FELICIA PITRE
DISTRICT CLERK

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-15-12384

JUAN PORRAS

vs. ALLSTATE TEXAS LLOYDS et al

162nd District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: JUAN PORRAS

FEE PAID: $30.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html



EXHIBIT
B-3

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

To:     ALLSTATE TEXAS LLOYDS
        BY SERVING ITS REGISTERED AGENT, C. T. CORPORATION SYSTEM
        1999 BRYAN STREET, SUITE 900
        DALLAS, TEXAS 75201-3136

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being JUAN PORRAS

Filed in said Court **8th day of October, 2015** against

**ALLSTATE TEXAS LLOYDS AND DAVID FRANK BACKER**

For Suit, said suit being numbered **DC-15-12384-I**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and seal of said Court at office this 14th day of October, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

_____ Deputy
SPRINGE MCKINLEY

---

CERT/MAIL

# CITATION

## DC-15-12384-I

JUAN PORRAS
vs. ALLSTATE TEXAS LLOYDS
et al

ISSUED THIS
14th day of October, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
MATTHEW J. WORRALL
THE POTTS LAW FIRM
100 WAUGH   SUITE 350
HOUSTON, TEXAS 77007
713-963-8881



DALLAS COUNTY CONSTABLE
FEES PAID   FEES NOT PAID

EXHIBIT
B-4

# OFFICER'S RETURN

Case No.: DC-15-12384

Court No.162nd District Court

Style: JUAN PORRAS

vs. ALLSTATE TEXAS LLOYDS et al

Came to hand on the _14th_ day of _October_ 20 _15_, at _10:48_ o'clock _a._:M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, WAS MAILED UNITED STATES CERTIFIED MAIL RETURN RECEIPT
REQUESTED having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To
certify which witness my hand.

For serving Citation     $ _76.00_

For mileage     $ _____          _____ of _____ County,

For Notary     $ _____          By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

9a14-8901-0661-5400-0070-2504.17

CERT/MAIL

# CITATION

## DC-15-12384-I

JUAN PORRAS
vs. ALLSTATE TEXAS LLOYDS
et al

ISSUED THIS
**14th day of October, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
MATTHEW J. WORRALL
THE POTTS LAW FIRM
100 WAUGH SUITE 350
HOUSTON, TEXAS 77007
713-963-8881

DALLAS COUNTY CONSTABLE
FEES PAID / FEES NOT PAID

---

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:  **DAVID FRANK BACKER**
      **6717 PARKSIDE COURT**
      **ARLINGTON, TEXAS 76016**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being JUAN PORRAS

Filed in said Court **8th day of October, 2015** against

**ALLSTATE TEXAS LLOYDS AND DAVID FRANK BACKER**

For Suit, said suit being numbered **DC-15-12384-I**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and seal of said Court at office this 14th day of October, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
SPRINGE B. MCKINLEY

EXHIBIT
B-5

tabbies

# OFFICER'S RETURN

Case No. : DC-15-12384

Court No. 162nd District Court

Style: JUAN PORRAS

vs. ALLSTATE TEXAS LLOYDS et al

Came to hand on the __14th__ day of __October__, 20 __15__, at __10:3 f__ o'clock __a__.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, WAS MAILED UNITED STATES CERTIFIED MAIL RETURN RECEIPT REQUESTED having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation      $ 76.00

For mileage       $ _____ of _____ County, _____

For Notary       $ _____ By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____.

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

9214- 8901-0661-5400-0070-3512-78

## OFFICER'S RETURN

Case No.: DC-15-12384

Court No.162nd District Court

Style: JUAN PORRAS

vs. ALLSTATE TEXAS LLOYDS et al

Came to hand on the 14th day of October 20 15 at 10:46 o'clock A .M. Executed at 1999 Bryan St. Ste 900

within the County of at 9:20 o'clock A .M. on the 19th day of October Dallas, Dallas 75201

20 15 , by delivering to the within named

Attached Cite To Allstate Texas Lloyds registered agent CT Corporation System By Cynthia Willis on 10-19-15, was mailed United States certified mail return receipt requested

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, WAS MAILED UNITED STATES CERTIFIED MAIL RETURN RECEIPT

REQUESTED having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To

certify which witness my hand.

For serving Citation        $76.00

For mileage                 $

For Notary                  $

Signed by: _____

of _____ County

By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20 _____ .

_____
Notary Public _____ County

92.14.8901.0661.5400.0070.2504.17

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

FILED
OCT 21 2015
FELICIA PITRE
DIST. CLERK, DALLAS, TEXAS
By _____ Deputy

EXHIBIT
B-6

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   ALLSTATE TEXAS LLOYDS
      BY SERVING ITS REGISTERED AGENT, C. T. CORPORATION SYSTEM
      1999 BRYAN STREET, SUITE 900
      DALLAS, TEXAS 75201-3136

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the
clerk of the 162nd District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being JUAN PORRAS

Filed in said Court 8th day of October, 2015 against

ALLSTATE TEXAS LLOYDS AND DAVID FRANK BACKER

For Suit, said suit being numbered DC-15-12384-I, the nature of which demand is as follows:
Suit on INSURANCE etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and seal of said Court at office this 14th day of October, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
   SPRINGE MCKINLEY

---

# CITATION

## DC-15-12384-I

JUAN PORRAS
vs. ALLSTATE TEXAS LLOYDS
et al

ISSUED THIS
14th day of October, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

Attorney for Plaintiff
MATTHEW J. WORRALL
THE POTTS LAW FIRM
100 WAUGH  SUITE 350
HOUSTON, TEXAS  77007
713-963-8881

---

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

 **UNITED STATES**
**POSTAL SERVICE.**

Date: October 19, 2015

MAIL MAIL:

The following is in response to your October 19, 2015 request for delivery information on your Certified Mail™/RRE item number 92148901066154000070250417. The delivery record shows that this item was delivered on October 19, 2015 at 9:20 am in DALLAS, TX 75201. The scanned image of the recipient information is provided below.

Signature of Recipient :    

Address of Recipient :    

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

DC1512384-I SM DP
ALLSTATE TEXAS LLOYDS
BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION
SYSTEM
1999 BRYAN ST STE 900

FILED
DALLAS COUNTY
11/9/2015 10:07:31 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-12384

| | | |
|---|---|---|
| JUAN PORRAS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S and DAVID | § | |
| FRANK BACKER, | § | |
| | § | |
| *Defendants.* | § | 162ND JUDICIAL DISTRICT |

## DEFENDANT ALLSTATE TEXAS LLOYD'S VERIFIED DENIAL AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyd's (Defendant), and files this Verified Denial and Original Answer and would respectfully show the following:

### I.
### VERIFIED DENIAL

1.1     Pursuant to Texas Rule of Civil Procedure 93, Defendant specifically denies that it is a proper party to this lawsuit. Defendant denies that it contracted with Plaintiff, as alleged in the Petition, or otherwise committed any of the acts or omissions that Plaintiff alleges against Defendant in the Petition.

### II.
### ORIGINAL ANSWER

2.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**EXHIBIT**
**B-7**
tabbies®

# III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's prays that upon final trial and hearing hereof, Plaintiff recover nothing from Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

_/s/ Roger D. Higgins_
Roger D. Higgins
State Bar No. 09601500
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:   (214) 871-8200
Telecopy:    (214) 871-8209
Email: rhiggins@thompsoncoe.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic file notification and/or facsimile to the following counsel on November 9, 2015:

> Matthew J. Worrall
> William H. Barfield
> Andrew A. Woellner
> The Potts Law Firm, LLP
> 100 Waugh Drive, Suite 350
> Houston, Texas 77007
> mworrall@potts-law.com
> wbarfield@potts-law.com
> awoellner@potts-law.com

/s/ *Roger D. Higgins*
Roger D. Higgins

## VERIFICATION

STATE OF TEXAS         §
                                  §
COUNTY OF DALLAS       §

       BEFORE ME, the undersigned authority, on this day personally appeared Vanessa Rosa for Allstate Texas Lloyd's and after being by me first duly sworn upon her oath deposes and says that she is personally acquainted with the facts herein stated, and has read the above and foregoing Defendant's Verified Denial and Original Answer, and that every factual statement contained in Defendant's Verified Denial and Original Answer is within her personal knowledge and are true and correct.

       SUBSCRIBED AND SWORN TO this 9th day of November, 2015.



Notary Public, State of Texas

Notary Printed Name

My Commission Expires:

SALLIE R. JENKINS
Notary Public
STATE OF TEXAS
My Comm. Exp. June 13, 2017

FILED
DALLAS COUNTY
12/7/2015 10:48:31 AM
FELICIA PITRE
DISTRICT CLERK

# THOMPSON
# COE

Thompson, Coe, Cousins & Irons, L.L.P.
Attorneys and Counselors

John B. Reyna
Direct Dial: (214) 871-8218
jreyna@thompsoncoe.com

Austin
Dallas
Houston
Los Angeles
Saint Paul

December 7, 2015

Matthew J. Worrall
THE POTTS LAW FIRM, LLP
100 Waugh Drive, Suite 350
Houston, Texas 77007

Re:   Cause No. DC-15-12384-I, Juan Porras v. Allstate Texas Lloyd's and Frank
      Backer, in the 162nd Judicial District, Dallas County, Texas

Dear Mr. Worrall:

This letter will serve as a Rule 11 Agreement that Plaintiff Juan Porras and Defendant Allstate Texas Lloyd's agree to set the deadline for Defendant Allstate Texas Lloyd's to serve its objections, answers and responses to Plaintiff's First Set of Interrogatories, First Set of Request for Production, and Requests for Disclosure to December 28, 2015.

If this accurately reflects our agreement, please sign in the space provided below and return this letter back to me.  Thank you.

Sincerely,

John B. Reyna

**AGREED AS TO FORM AND CONTENT:**

*Matthew Worrall*

Matthew J. Worrall



EXHIBIT
B-8

2327329v1
00364.999

# OFFICER'S RETURN

Case No. : DC-15-12384

Court No.162nd District Court

Style: JUAN PORRAS

vs. ALLSTATE TEXAS LLOYDS et al

Came to hand on the _____ 14ᵗʰ _____ day of _____ October _____ 20 _15_ , at _10:34_ o'clock _a_ .M.Executed at _unexecuted_

within the County of _____ o'clock _____ .M. on the _____ day of _____

20 _____ by delivering to the within named

_unexecuted_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, WAS MAILED UNITED STATES CERTIFIED MAIL RETURN RECEIPT
REQUESTED having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To
certify which witness my hand.

|  |  |
|---|---|
| For serving Citation | $ 76.00 |
| For mileage | $ |
| For Notary | $ |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20 _____

Signed _unexecuted_

of _____ County,

By _____ Deputy

_____ Notary Public _____ County

FILED
DEC 0 8 2015
FELICIA PITRE
DIST. CLERK, DALLAS CO. TEXAS
DEPUTY

## FELICIA PITRE
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

9214 8901 0661 5400 0070 2512 78



EXHIBIT
B-9

CERT/MAIL

# CITATION

## DC-15-12384-I

JUAN PORRAS
vs. ALLSTATE TEXAS LLOYDS
et al

ISSUED THIS
14th day of October, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
MATTHEW J. WORRALL
THE POTTS LAW FIRM
100 WAUGH SUITE 350
HOUSTON, TEXAS 77007
713-963-8881

DALLAS COUNTY CONSTABLE

FEES PAID    FEES NOT PAID

---

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **DAVID FRANK BACKER**
       6717 PARKSIDE COURT
       ARLINGTON, TEXAS 76016

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being JUAN PORRAS

Filed in said Court **8th day of October, 2015** against

**ALLSTATE TEXAS LLOYDS AND DAVID FRANK BACKER**

For Suit, said suit being numbered **DC-15-12384-I**, the nature of which demand is as follows: Suit on **INSURANCE** etc. as shown on said petition,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and seal of said Court at office this 14th day of October, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

_____, Deputy
SPRINGE MCKINLEY

FELICIA PITRE
DISTRICT CLERK, SR. COURTS BLDG.
GEORGE ALLEN COURTS BLDG.
600 COMMERCE STE 103
DALLAS, TX 75202-4699

Return Receipt (Electronic)

9214 8901 0661 5400 0070 2512 78

CERTIFIED

MAIL

DC1612384-I SM DP

DAVID FRANK BAKER
6717 PARKSIDE CT
ARLINGTON, TX 76016-3610

NIXIE    760164126-1N

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
RETURN TO SENDER

11/21/15

UNITED STATES POSTAGE
PITNEY BOWES

$ 12.300
2 1R      OCT 15 2015
00201066S
MAILED FROM ZIP CODE 75202



## In The District Court
## of Dallas County, Texas
## 162nd District Court

December 14, 2015

ROGER D HIGGINS
THOMPSON COE COUSINS & IRONS LLP
PLAZA OF THE AMERICAS
700 N PEARL ST  TWENTY-FIFTH FL
DALLAS          TX  75201-2832

IN RE:  DC-15-12384
   JUAN PORRAS  vs. ALLSTATE TEXAS LLOYDS et al

### THE COURT REQUIRES A COURTESY COPY OF ALL PLEADINGS SCHEDULED FOR HEARING ONE WEEK BEFORE THE HEARING

PLEASE NOTE THE FOLLOWING:

ORDER SIGNED.

Melinda Thomas, Court Coordinator
162nd Judicial District Court
George L. Allen, Sr. Courts Bldg. - 7th Floor
600 Commerce Street, Room 730B
Dallas, TX  75202
214-653-7348 (office)
214-653-7195 (fax)
mthomas@dallascourts.org
Review your case information at:  http://courts.dallascounty.org
Revised Dallas Local Rules can be found at:  www.dallascourts.com-rules-locrulnw.htm.url

## UPDATE YOUR CONTACT INFORMATION AT: www.dallascourts.com

All counsel of record and pro se litigants must be copied
on all e-mail and fax communications to the Court
### "MEDIATION MUST OCCUR PRIOR TO YOUR TRIAL SETTING"





# In The District Court
# of Dallas County, Texas
## 162nd District Court

December 14, 2015

MATTHEW WORRALL
THE POTTS LAW FIRM
100 WAUGH  SUITE 350
HOUSTON TX  77007

IN RE:  DC-15-12384
      JUAN PORRAS  vs. ALLSTATE TEXAS LLOYDS et al

### THE COURT REQUIRES A COURTESY COPY OF ALL PLEADINGS SCHEDULED
### FOR HEARING ONE WEEK BEFORE THE HEARING

PLEASE NOTE THE FOLLOWING:

ORDER SIGNED.

Melinda Thomas, Court Coordinator
162nd Judicial District Court
George L. Allen, Sr. Courts Bldg. - 7th Floor
600 Commerce Street, Room 730B
Dallas, TX  75202
214-653-7348 (office)
214-653-7195 (fax)
mthomas@dallascourts.org
Review your case information at:  http://courts.dallascounty.org
Revised Dallas Local Rules can be found at: www.dallascourts.com-rules-locrulnw.htm.url

## UPDATE YOUR CONTACT INFORMATION AT: www.dallascourts.com

All counsel of record and pro se litigants must be copied
on all e-mail and fax communications to the Court
### "MEDIATION MUST OCCUR PRIOR TO YOUR TRIAL SETTING"



# In The District Court
## of Dallas County, Texas
## 162nd District Court

December 14, 2015

DAVID FRANK BACKER
6717 PARKSIDE COURT
ARLINGTON TX  76016

IN RE:  DC-15-12384
        JUAN PORRAS  vs. ALLSTATE TEXAS LLOYDS et al

### THE COURT REQUIRES A COURTESY COPY OF ALL PLEADINGS SCHEDULED FOR HEARING ONE WEEK BEFORE THE HEARING

PLEASE NOTE THE FOLLOWING:

ORDER SIGNED.

Melinda Thomas, Court Coordinator
162nd Judicial District Court
George L. Allen, Sr. Courts Bldg. - 7th Floor
600 Commerce Street, Room 730B
Dallas, TX  75202
214-653-7348 (office)
214-653-7195 (fax)
mthomas@dallascourts.org
Review your case information at:  http://courts.dallascounty.org
Revised Dallas Local Rules can be found at: www.dallascourts-com-rules-locrulnw.htm.url

## UPDATE YOUR CONTACT INFORMATION AT: www.dallascourts.com

All counsel of record and pro se litigants must be copied
on all e-mail and fax communications to the Court
### "MEDIATION MUST OCCUR PRIOR TO YOUR TRIAL SETTING"



# In The District Court
## of Dallas County, Texas
## 162nd District Court

December 14, 2015

J DAVID APPLE
APPLE & FINK LLP
735 PLAZA BLVD SUITE 200
COPPELL TX  75019

IN RE:  DC-15-12384
      JUAN PORRAS  vs. ALLSTATE TEXAS LLOYDS et al

### **THE COURT REQUIRES A COURTESY COPY OF ALL PLEADINGS SCHEDULED FOR HEARING ONE WEEK BEFORE THE HEARING**

PLEASE NOTE THE FOLLOWING:

ORDER SIGNED.

Melinda Thomas, Court Coordinator
162nd Judicial District Court
George L. Allen, Sr. Courts Bldg. - 7th Floor
600 Commerce Street, Room 730B
Dallas, TX  75202
214-653-7348 (office)
214-653-7195 (fax)
mthomas@dallascourts.org
Review your case information at:  http://courts.dallascounty.org
Revised Dallas Local Rules can be found at: www.dallascourts.com-rules-locrulnw.htm.url

## UPDATE YOUR CONTACT INFORMATION AT: www.dallascourts.com

All counsel of record and pro se litigants must be copied
on all e-mail and fax communications to the Court
### **"MEDIATION MUST OCCUR PRIOR TO YOUR TRIAL SETTING"**

4242
746

CAUSE NO: DC-15-12384

**JUAN PORRAS**
**vs. ALLSTATE TEXAS LLOYDS et al**

In the District Court
Dallas County, Texas
162nd District Court

## 162nd UNIFORM SCHEDULING ORDER (LEVEL 1 OR 2)
(Revised for the 162nd District Court September 16, 2015)

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause.

1.     This case will be ready and is set for Jury trial on **10/17/2016** at 9:00 a.m. (the "Initial Trial Setting"). Reset or continuance of the Initial Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order. All parties are required to announce for trial on the Thursday before their trial begins on Tuesday at 9:30 a.m. Failure to announce by 10:30 a.m. on the Friday before the designated trial setting may result in Dismissal of the case. Cases not reached on the designated trial date are to be ready for trial on a 24-hour notice during their two-week trial docket. If not reached as set, the case will be carried to the next week.

2.     Unless otherwise ordered, discovery in this case will be controlled by:
        ☐     Rule 190.2 (Level 1)

        ☒     Rule 190.3 (Level 2)

of the Texas Rules of Civil Procedure. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

3.     Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.     Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period. Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except with leave of court, TRCP 166a(c) motions must be heard no later than thirty (30) days before trial.

UNIFORM SCHEDULING ORDER (LEVEL 1 OR 2) –PAGE 1



EXHIBIT
**B-11**

5.     No additional parties may be joined more than five (5) months after the commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.     The parties shall mediate this case no later than thirty (30) days before the Initial Trial Setting, unless otherwise provided by court order. Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer or corporate representative with authority to negotiate a settlement.

☒   Unless, within 14 days of this Order, the parties file a Joint Notice of Agreed Upon Substitute Mediator the parties agree to mediate this case with J DAVID APPLE @ Work: 972-315-1900, Fax: 972-315-1955. Any Joint Motion Requesting Appointment should include a brief description of the nature of the dispute, and any novel legal, language, demographic, or other issues the parties desire to have the Court consider in appointing a mediator. The provisions contained herein regarding mediation will be strictly enforced. Parties violating the requirements of this Order will be required to show cause as to why they are in violation of same.

7.     Fourteen (14) days before the Initial Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Rule 193.7 applies to this designation. On or before ten (10) days before the Initial Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By noon on the Thursday before the Initial Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(I), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

SIGNED ___14th___ DAY OF DECEMBER, 2015.

_____
**District Judge**

FILED
DALLAS COUNTY
12/30/2015 10:15:46 AM
FELICIA PITRE
DISTRICT CLERK

# THOMPSON COE

Thompson, Coe, Cousins & Irons, L.L.P.
Attorneys and Counselors

John B. Reyna
Direct Dial: (214) 871-8218
jreyna@thompsoncoe.com

Austin
Dallas
Houston
Los Angeles
Saint Paul

December 28, 2015

Matthew J. Worrall
THE POTTS LAW FIRM, LLP
100 Waugh Drive, Suite 350
Houston, Texas 77007

Re:    Cause No. DC-15-12384-I, Juan Porras v. Allstate Texas Lloyd's and Frank
       Backer, in the 162nd Judicial District, Dallas County, Texas

Dear Mr. Worrall:

This letter will serve as a Rule 11 Agreement that Plaintiff Juan Porras and Defendant Allstate Texas Lloyd's agree to set the deadline for Defendant Allstate Texas Lloyd's to serve its objections, answers and responses to Plaintiff's First Set of Interrogatories, First Set of Request for Production, and Requests for Disclosure to January 6, 2016.

If this accurately reflects our agreement, please sign in the space provided below and return this letter back to me. Thank you.

Sincerely,

John B. Reyna

**AGREED AS TO FORM AND CONTENT:**

/s/ Matthew Worrall
Matthew J. Worrall

2338413v1
00364.999



FILED
DALLAS COUNTY
3/1/2016 4:21:26 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

Cause No. DC-15-12384

| | | |
|---|---|---|
| JUAN PORRAS | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYDS AND DAVID | § | |
| FRANK BACKER | § | |
| *Defendant* | § | 162ND JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Juan Porras, Plaintiff (hereinafter referred to as "Plaintiff"), and file this First Amended Petition against Defendants, Allstate Texas Lloyds ("Allstate"), Allstate Vehicle and Property Insurance Company ("Allstate Vehicle") and David Frank Backer ("Backer") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.    Plaintiff, Juan Porras, is an individual residing in and/or owning property in Dallas County, Texas.

2.    Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, by certified mail, return receipt requested.

3.    Defendant, David Frank Backer, is an individual residing in and domiciled in the State of Texas.  This defendant may be served via certified mail, return receipt requested at 6717 Parkside Court, Arlington, Texas 76016.

1



EXHIBIT
B-13

4.      Defendant, Allstate Vehicle, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, by certified mail, return receipt requested.

## DISCOVERY LEVEL

5.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

6.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

7.      The Court has jurisdiction over Defendant, Allstate Vehicle, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

8.      The Court has jurisdiction over Defendant, Backer, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

9.      Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

2

## FACTS

10.  Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate Vehicle.

11.  Plaintiff owns the insured property located at 7105 Melton Dr., in Dallas County (hereinafter referred to as "the Property"). Allstate Vehicle sold the Policy insuring the Property to Plaintiff.

12.  On or about June 17, 2015, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

13.  Plaintiff subsequently submitted a claim to Allstate Vehicle for the damage the Property sustained as a result of the Storm. Plaintiff requested that Allstate Vehicle cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

14.  Defendant Allstate Vehicle assigned Backer as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

15.  Allstate Vehicle and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts

3

and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

16.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

17.     As detailed in the paragraphs below, Allstate Vehicle wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

18.     To date, Allstate Vehicle continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

19.     Defendant Allstate Vehicle failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate Vehicle's conduct constitutes a breach of the insurance contract between Allstate Vehicle and Plaintiff.

20.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered

4

under the Policy, even though the damage was caused by a covered occurrence.  Defendants'
conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.
INS. CODE § 541.060(a)(1).

21.      Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although
they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct constitutes a
violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §
541.0060(a)(2)(A).

22.      Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate
settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any
explanation why full payment was not being made.  Furthermore, Defendants did not communicate
that any future settlements or payments would be forthcoming to pay for the entire losses covered
under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's
claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement
Practices.  TEX. INS. CODE § 541.060(a)(3).

23.      Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.
Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the
full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of
the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(4).

24.      Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even
though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants
performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased,
unfair, and inequitable evaluation of Plaintiff's claim on the Property.  Defendants' conduct

5

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

25.     Defendant Allstate Vehicle failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate Vehicle's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

26.     Defendant Allstate Vehicle failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate Vehicle's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

27.     Defendant Allstate Vehicle failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Allstate Vehicle's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

28.     From and after the time Plaintiff's claim was presented to Defendant Allstate Vehicle, the liability of Allstate Vehicle to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate Vehicle has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate Vehicle's conduct constitutes a breach of the common law duty of good faith

6

and fair dealing.

29.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

30.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

31.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate Vehicle committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate Vehicle with regard to handling these types of claims.  Allstate Vehicle's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

CAUSES OF ACTION

32.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.      Causes of Action Against Backer**

33.     Allstate Vehicle assigned Backer to adjust this claim.  Backer was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Backer did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof.  Backer refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy.  The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

7

**A.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

34.      Defendant Backer's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

35.      Defendant Backer is individually liable for his unfair and deceptive acts, irrespective of the fact Backer was acting on behalf of Allstate Vehicle, because Backer is a "person" as defined by TEX. INS. CODE § 541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor."  TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36.      Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendant Backer's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of

8

insurance. TEX. INS. CODE § 541.060 (a)(1).

37.     Defendant Backer's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(2)(A).

38.     Defendant Backer failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.   Specifically, Defendant Backer failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendant Backer did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

39.     Defendant Backer's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

40.     Defendant Backer did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate Vehicle. Defendant Backer's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim

9

without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II.    Causes of Action Against Allstate Vehicle

41.    Allstate Vehicle intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A.    Breach of Contract

42.    Allstate Vehicle breached the contract of insurance it had with Plaintiff. Allstate Vehicle breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.    Noncompliance with Texas Insurance Code:    Unfair Settlement Practices

43.    Defendant Allstate Vehicle's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

44.    Defendant Allstate Vehicle's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

45.    Defendant Allstate Vehicle's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate Vehicle's liability under the Policy was reasonably clear, constitutes an unfair method of

10

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

46.     Defendant Allstate Vehicle's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

47.     Defendant Allstate Vehicle's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

48.     Defendant Allstate Vehicle's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

C.     **Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute**

49.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

50.     Allstate Vehicle failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

51.     Allstate Vehicle failed to notify Plaintiff in writing of its acceptance or rejection of the

11

claim within applicable time constraints under TEX. INS. CODE §542.056.

52.     Allstate Vehicle delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

### D.     Breach of the Duty of Good Faith and Fair Dealing

53.     Allstate Vehicle breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

### E.     Knowledge

54.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

### DAMAGES

55.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

57.     For breach of contract, Plaintiff are entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

58.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid

12

pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

59.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

60.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

61.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

62.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

63.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

64.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

13

## PRAYER

65.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants

to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers

from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.


                          Respectfully submitted,

                          THE POTTS LAW FIRM, LLP


                  By:     /s/ Matthew J. Worrall
                          **Matthew J. Worrall**
                          SBN: 24070883
                          **William H. Barfield**
                          SBN: 24031725
                          **Andrew A. Woellner**
                          SBN: 24060850
                          100 Waugh Drive, Suite 350
                          Houston, Texas 77007
                          Telephone (713) 963-8881
                          Facsimile (713) 574-2938
                          Emails: mworrall@potts-law.com
                                  wbarfield@potts-law.com
                                  awoellner@potts-law.com

                          **ATTORNEYS FOR PLAINTIFF**

14

CERT MAIL

# CITATION

## DC-15-12384

JUAN PORRAS
vs.
ALLSTATE TEXAS LLOYDS
ET AL

ISSUED THIS
**7th day of March, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
MATTHEW WORRALL
THE POTTS LAW FIRM LLP
100 WAUGH  SUITE 350
HOUSTON TX 77007
713-963-8881

FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being JUAN PORRAS

Filed in said Court  **1st day of March, 2016** against

**ALLSTATE VEHICLE**

For Suit, said suit being numbered **DC-15-12384**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR PRODUCTION AND INTERROGATORIES**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 7th day of March, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.

By: _____
DIANNE COFFEY

DALLAS COUNTY CONSTABLE  FEE NOT PAID  PAID



EXHIBIT
B-14

# OFFICER'S RETURN

Case No.: DC-15-12384

Court No.162nd District Court

Style: JUAN PORRAS

vs.

ALLSTATE TEXAS LLOYDS ET AL

Came to hand on the ___9th___ day of ___March___, 20 _16_, at _12_ :_08_ o'clock ___P___.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation      $ _____

For mileage              $ _____ of _____ County, _____

For Notary               $ _____ By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

9214-8901-0661-5400-0081-1457-95

CERT MAIL

## CITATION

## DC-15-12384

JUAN PORRAS
vs.
**ALLSTATE TEXAS LLOYDS ET AL**

ISSUED THIS
**7th day of March, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
MATTHEW WORRALL
THE POTTS LAW FIRM LLP
100 WAUGH SUITE 350
HOUSTON TX 77007
713-963-8881



## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being JUAN PORRAS

Filed in said Court **1st day of March, 2016** against

**ALLSTATE VEHICLE**

For Suit, said suit being numbered **DC-15-12384**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR PRODUCTION AND INTERROGATORIES**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 7th day of March, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.

By: _Dianne Coffey_
DIANNE COFFEY



EXHIBIT
**B-15**

**OFFICER'S RETURN**

Case No. : DC-15-12384

Court No.162nd District Court

Style: JUAN PORRAS

vs.

ALLSTATE TEXAS LLOYDS ET AL

Came to hand on the ___24th___ day of ___March___, 20 _16_, at _12:08_ o'clock __P__.M. Executed at ___1899 Bryan St Ste 900___

within the County of _____ o'clock _____.M. on the ___10th___ day of ___March___

20 _16_, by delivering to the within named ___Allstate Vehicle & Property Insurance Company by serving CT Corporation___
___System signed by Chris Wells___

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by
me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ 76.00 | Signed By: Chris Wells |
| For mileage | $ ____ | of _____, County, |
| For Notary | $ ____ | By _____ Deann Coffy _____ |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20____.

to certify which witness my hand and seal of office.

_____
Notary Public, _____ County.

FILED
16 MAR 14  AM 6:10
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

FELICIA PITRE
DISTRICT CLERK
600 COMMERCE STREET
Deputy DALLAS, TEXAS 75202-4606

9214-8901-0990-5400-0081-1457-95

FELICIA PITRE
DISTRICT CLERK
GEORGE L. ALLEN, SR. COURTS BLDG.
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



**Return Receipt (Electronic)**

9214 8901 0661 5400 0081 1457 95

DC15-12384/DC

C T CORPORATION SYSTEM, REGISTERED AGENT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
1999 BRYAN ST STE 900
DALLAS, TX 75201-3140

CUT / FOLD HERE

8"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE



**UNITED STATES**
**POSTAL SERVICE.**

Date: March 11, 2016

. MAIL MAIL:

The following is in response to your March 10, 2016 request for delivery information on your Certified Mail™/RRE item number 92148901066154000081145795.  The delivery record shows that this item was delivered on March 10, 2016 at 9:21 am in DALLAS, TX 75201.  The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

DC15-12384/DC
C T CORPORATION SYSTEM, REGISTERED AGENT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
1999 BRYAN ST STE 900
DALLAS, TX  75201-3140

FILED
DALLAS COUNTY
3/30/2016 12:30:27 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-12384

| | | |
|---|---|---|
| JUAN PORRAS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S and DAVID | § | |
| FRANK BACKER, | § | |
| | § | |
| *Defendants.* | § | 162ND JUDICIAL DISTRICT |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Allstate Vehicle and Property Insurance Company files this Original Answer and would respectfully show the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, allegations contained within Plaintiff's First Amended Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiff recover nothing from Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.



EXHIBIT
B-16

Respectfully submitted,


/s/ *Roger D. Higgins*
Roger D. Higgins
State Bar No. 09601500
John B. Reyna
State Bar No. 24098318
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Telecopy:    (214) 871-8209
Email: rhiggins@thompsoncoe.com
Email: jreyna@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic file notification and/or facsimile to the following counsel on March 30, 2016:

Matthew J. Worrall
William H. Barfield
Andrew A. Woellner
The Potts Law Firm, LLP
100 Waugh Drive, Suite 350
Houston, Texas 77007
mworrall@potts-law.com
wbarfield@potts-law.com
awoellner@potts-law.com


/s/ *John B. Reyna*
John B. Reyna